UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-04624 JAK (KSx) | Date | April 19, 2022 |
|---|---|---|---|
| Title | Kirby Wang v. BB Wells Investment Inc., et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| T. Jackson | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) ORDER RE MOTION FOR REMAND (DKT. 7)

**I. Introduction**

On June 27, 2019, Kirby Wang ("Plaintiff") filed this action in the Los Angeles County Superior Court. Dkt. 7-1 at 5. The Complaint advanced eight causes of action arising from a loan issued to Plaintiff. Dkt. 9 at 4. Each cause of action arose under California law.

In 2021, Plaintiff filed a First Amended Complaint ("FAC"). Dkt. 7-2 at 2. The FAC added one cause of action for violation of the federal Truth in Lending Act, 15 U.S.C. ch. 41 ("TILA"), and named two additional defendants. *Id.*; *see* Dkt. 1 at 5-22 (FAC). On June 4, 2021, Defendant James Cheung ("Cheung") filed a Notice of Removal. Dkt. 1 at 1. On July 6, 2021, Plaintiff filed a Motion for Remand. Dkt. 7 (the "Motion"). On September 10, 2021, Defendant Cheung filed an Opposition. Dkt. 10 (the "Opposition").

On January 7, 2022, the Motion was taken under submission. Dkt. 24. For the reasons stated in this order, the Motion is **GRANTED**.

**II. Background**

    A.    Factual Background

Plaintiff's claims arise from a loan to Plaintiff allegedly made by Defendants Cheung and Protec Investment, Inc. ("Protec") in 2017. Dkt 1 at 8. It is alleged that Defendant Ginny Lin ("Lin") introduced Plaintiff to Cheung. *Id.* It is alleged that Defendants Lin and First American Financial & Investment Corporation ("First American") "would introduce distressed homeowners" to Cheung and/or Protec to obtain "short-term hard money loans commanding a high interest rate and high default interest rate." *Id.* It is alleged that Cheung agreed to lend Plaintiff $170,000 at an 18% rate of interest, with both principal and interest due in one year. *Id.* The loan was secured by Plaintiff's property at 24332 Delta Drive, Diamond Bar, California. *Id.* at 7-8.

Plaintiff alleges that Cheung represented to him that the interest accrued by the end of the year would total $30,600. *Id.* at 8. However, it is alleged that, when the loan matured in July 2018, Cheung

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-04624 JAK (KSx) | Date | April 19, 2022 |
|---|---|---|---|
| Title | Kirby Wang v. BB Wells Investment Inc., et al. | | |

demanded a $250,000 payment, which is approximately $50,000 more than Cheung allegedly represented as the total of principal and interest. *Id.* at 9. It is alleged that in October 2018, Cheung, in his capacity as president of Protec, recorded an assignment of the deed of trust securing the property to BB Wells Investment Inc. ("BB Wells"). *See id.* It is alleged that in November 2018, certain defendants recorded a notice of default against the property in the amount of $259,507.71. *Id.* at 10.

It is alleged that on May 10, 2019, BB Wells foreclosed on the property. *Id.* It is alleged that the property reverted to BB Wells at a credit bid of $226,000. *Id.* In sum, Plaintiff alleges that Defendants deceived him about the loan process as part of a plan to acquire the property at 24332 Delta Drive. *Id.*

      B.      Procedural Background

On June 27, 2019, Plaintiff filed this action in the Los Angeles Superior Court. Dkt. 7-1 at 5. At the time, Plaintiff was representing himself. *Id.* The Complaint named Cheung, Protec and BB Wells as defendants. *Id.* It appears the Complaint alleged the following causes of action: (1) fraud, (2) constructive fraud, (3) conspiracy to commit fraud, (4) negligent misrepresentation, (5) rescission, (6) wrongful foreclosure, (7) breach of fiduciary duty, and (8) unfair business practices. *See* Dkt. 9 at 4.

On July 7, 2020, Cheung, Protec and BB Wells filed a motion for summary judgment. Dkt. 7-2 at 2 (Tony M. Lu Declaration). Plaintiff then engaged counsel who filed an opposition to the motion. Dkt. 7-1 at 5. On January 31, 2021, the motion was denied by the judge who was presiding in the Superior Court. Dkt. 7-2 at 2.

As noted, Plaintiff later filed a First Amended Complaint ("FAC"), which is the operative one. *Id.* As also noted, it added one cause of action for violation of TILA, and added two defendants: Lin and First American (collectively with Cheung, Protec and BB Wells, "Defendants"). *Id.*; *see* Dkt. 1 at 5-22 (FAC). On May 11, 2021, Plaintiff served Defendants Cheung, Protec and BB Wells with the FAC. Dkt. 7-2 at 2. On May 19, 2021, Plaintiff served Lin and First American with the FAC. *Id.* at 5, 7.

On May 10, 2021, Defendant Cheung filed an Answer to the FAC. Dkt. 9 at 60-71 (Cheung Answer to FAC). On May 11, 2021, Defendants BB Wells and Protec filed Answers to the FAC. Dkt. 9 at 36-47 (BB Wells Answer to FAC), 48-59 (Protec Answer to FAC). On May 10, 2021, Cheung also filed a cross complaint against Plaintiff and Cher Wang. *Id.* at 72. The cross-complaint alleged causes of action for fraud, breach of contract and breach of the implied covenant of good faith and fair dealing, respectively. *Id.*

On June 4, 2021, Defendant Cheung, who was self-represented, filed a Notice of Removal. Dkt. 1 at 1. On July 6, 2021, Plaintiff filed the Motion. Dkt. 7. On September 10, 2021, Defendant Cheung filed the Opposition as well as documents signed by each defendant consenting to the removal. Dkts. 11, 12, 13, 15. All of the consent documents are dated August 4, 2021.

**III.**      <u>Analysis</u>

      A.      Legal Standards

"A defendant may remove an action to federal court based on federal question jurisdiction or diversity

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV21-04624 JAK (KSx) | Date | April 19, 2022 |
|---|---|---|---|
| Title | Kirby Wang v. BB Wells Investment Inc., et al. | | |

jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441). "The threshold requirement for removal under 28 U.S.C. § 1441 is a finding that the complaint contains a cause of action that is within the original jurisdiction of the district court." *Id.* (quoting *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 861 (9th Cir. 2003)). Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* (quoting *Fisher v. NOS Commc'ns*, 495 F.3d 1052, 1057 (9th Cir. 2007)). Additionally, "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). "[T]he defendant always has the burden of establishing that removal is proper." *Id.* (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). This requirement is known as the "unanimity rule." *Loewen v. McDonnell*, No. 19-CV-00467-YGR, 2019 WL 2364413, at *3 (N.D. Cal. June 5, 2019). "If this is not true when the notice of removal is filed, the district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment." *Destfino v. Reiswig*, 630 F.3d 952, 956-57 (9th Cir. 2011) (citing *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 970 (9th Cir. 2002)).

  B.  Application

The removal by Cheung failed to comply with the procedural requirements of 28 U.S.C. § 1446(b)(2)(A). Cheung filed the Notice of Removal on June 4, 2021. Dkt. 1 at 1. In a multi-defendant case, "numerous courts have affirmed that 'defendants must consent to removal within the 30-day removal period of the last-served defendant.'" *Sotelo v. Browning-Ferris Indus. of Cal., Inc.*, No. 2:20-cv-06927-SB-PVC, 2020 WL 7042816, at *4 (C.D. Cal. Nov. 30, 2020) (citation omitted). Defendants Lin and First American were served with the FAC on May 19, 2021. Dkt. 7-2 at 2. However, the consent documents were signed by Defendants Lin, First American, Protec and BB Wells more than 30 days later on August 4, 2021. Dkts. 11, 12, 13, 15. Therefore, the consents to removal were untimely.

This Court and others have concluded that a district court may nonetheless "allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment." *Canty v. Providence Health Sys.-So. Cal.*, No. LA CV20-03347 JAK (JPRx), 2020 WL 5701761, at *3 (C.D. Cal. Sept. 23, 2020) (quoting *Cobian-Perez v. Pers. Protective Servs., Inc.*, No. C-13-5162 EMC, 2014 WL 342660, at *2 (N.D. Cal. Jan. 28, 2014)); *Losurdo v. JPMorgan Chase Bank, N.A.*, No. LA CV16-01409 JAK (AGRx), 2016 WL 8730559, at *6 (C.D. Cal. May 6, 2016) (same); *Mirtaheri v. Sprouts Farmers Mkt.*, No. LACV 20-05351-VAP-RAOx, 2020 WL 4883819, at *3 (C.D. Cal. Aug. 20, 2020) (same). That determination follows from *Destfino*. 630 F.3d at 957 ("[T]he district court may allow the removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of judgment." (quoting *Soliman*, 311 F.3d at 970)). Other district courts, however, have concluded that *Destfino* stands for a more limited rule, one that applies only in cases that have been "fully adjudicated through judgment." See *Sotelo*, 2020 WL 7042816, at * 4 (quoting *Lewis v. HSBC Bank USA, N.A.*, No. CV 17-00234 DKW-KSC, 2017 WL 3671279, at *10 (D. Haw. Aug. 25, 2017)); *Palmeira v. CIT Bank, N.A.*, No. CV 17-00275 ACK-RLP, 2017 WL 4797515, at *3 (D. Haw. Oct. 24, 2017).

Assuming district courts have discretion to allow defendants to cure the unanimity defect prior to entry

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV21-04624 JAK (KSx) | Date | April 19, 2022 |
| Title | Kirby Wang v. BB Wells Investment Inc., et al. | | |

of judgment, exercising such discretion in this matter would not be appropriate for several reasons. *First*, the Notice of Removal was procedurally defective, and the removal statute must be "strictly construed." *Moore-Thomas*, 553 F.3d at 1244; *see Caterpillar Inc. v. Lewis*, 519 U.S. 61, 77 (1996) ("The procedural requirements for removal remain enforceable by the federal trial court judges to whom those requirements are directly addressed.").

*Second*, the circumstances of the removal weigh in favor of remand. Foremost, judicial efficiency will be served by remand. Superior Court Judge Hernandez conducted extensive proceedings, including one on the motion for summary judgment by Defendants Cheung, Protec and BB Wells. Judge Hernandez denied the motion. Dkt. 7-2 at 2. Although that motion addressed the initial Complaint, not the FAC, the Complaint had eight of the nine claims later presented in the FAC. *Id.* Further, the TILA claim relies on the same alleged transaction as the eight claims arising under state law. Judicial efficiency will be served if the matter proceeds before Judge Hernandez who is very familiar with the issues presented.

*Finally*, the state law claims, which include fraud, conspiracy, and wrongful foreclosure, are at the center of the FAC, and will require significantly more discovery and resulting motions than the TILA claim. For this reason, these claims predominate. *See* 28 U.S.C. § 1367(c); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (the analysis under § 1367(c) is informed by the values of "economy, convenience, fairness, and comity" (citation omitted)). The superior court has jurisdiction over the TILA claim. *See* 15 U.S.C. § 1640(e) ("[A]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction.").

For these reasons, the circumstances presented in this action weigh in favor of enforcing the procedural requirements of 28 U.S.C. § 1446(b)(2)(A).

### IV.     Conclusion

For the foregoing reasons, the Motion is **GRANTED**. The action is remanded to the Los Angeles County Superior Court, Case No. 19PSCV00586, at its Pomona Courthouse.

**IT IS SO ORDERED.**

Initials of Preparer     tj